Félix Berreteaga, Plaintiff and Appellant, *v.* Pizá Bros., *S. en C.*, Defendant, and Mercedes Fernández de Suárez, Intervener and Appellee.

No. 5201. Argued January 27, 1930.—Decided January 31, 1930.

*T. Bernardini de la Huerta,* for appellant. *L. Muñoz Morales,* for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Upon the filing of the complaint in the present case, an attachment was sued out against certain property of the defendants. Several months after a judgment by default against them had been entered and notified, a claimant of the attached property appeared and petitioned the court for leave to intervene in the action for the purpose of contesting the validity of the attachment levied and establishing the right of the claimant to such property. The trial court, without hearing the parties to the main action, made an order granting the petition of intervention and gave the parties ten

days to plead. From that order the plaintiff has taken the present appeal, which the intervener now moves to dismiss on the ground that the order is not appealable, citing in support of this contention the case of *Espada* v. *Sepúlveda,* 20 P.R.R. 125.

The case cited is inapplicable herein because that was a case where, the order allowing the intervention having been made prior to the trial, we refused to review the same on certiorari on the ground that the petition had been contested and the decision could be reviewed in an appeal from the final judgment which might be rendered in the action, whereas in the case at bar the petition of intervention was decided without hearing the parties to the main proceeding. This is also a case involving a special order made after final judgment, which is appealable under subdivision 3 of section 295 of the Code of Civil Procedure, since the said order allows, after the action was terminated by a judgment, the filing of a claim which will require another judgment and almost certainly an opposition from the other litigants or, at least, from the plaintiff, who secured the attachment giving rise to the intervention.

The motion to dismiss must be overruled.

Mr. Justice Wolf and Mr. Justice Texidor took no part in the decision of this case.